NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0312n.06

Case No. 17-6002

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jun 25, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| I.L., a minor, by and through her mother DONNA TAYLOR and DONNA TAYLOR individually, | ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| | ) | OPINION |
| TENNESSEE DEPARTMENT OF EDUCATION, | ) ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

**BEFORE**: GILMAN, COOK, and GRIFFIN, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.** In exchange for federal funding, the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400–1482, requires states to guarantee that all disabled children receive a free and appropriate public education (a FAPE). *Id.* § 1412(a)(1). I.L., a child with Down syndrome, and her mother, Donna Taylor (collectively, I.L.), have sought to redress the Knox County Schools' alleged denial of a FAPE to I.L.

The IDEA provides a mechanism called a "due-process hearing" through which parents of disabled children can raise such claims. *Id.* § 1415(f). Impartial hearing officers preside over due-process hearings, which are adversarial in nature. *See id.* The IDEA regulations also provide a nonadversarial alternative called the "complaint-resolution procedure" through which parents or

other interested parties can bring IDEA violations to the attention of state educational agencies (i.e., departments of education) and seek appropriate relief. *See* 34 C.F.R. §§ 300.151–.153.

I.L. alleges that the Tennessee Department of Education (the Department) does not comply with the applicable IDEA regulations because it prohibits parents from bringing complaints that allege the denial of a FAPE through the complaint-resolution procedure, requiring them instead to pursue such complaints through a due-process hearing. Although I.L. has presented evidence that the Department previously restricted its complaint-resolution procedure in this manner, she has presented no evidence of an ongoing violation. We therefore **AFFIRM** the judgment of the district court.

## I.    BACKGROUND

### A.    Factual background

I.L. originally wanted to pursue her claims through Tennessee's complaint-resolution procedure. She never did, however, because she concluded that doing so would prove futile. I.L. reached that conclusion after reviewing a July 2014 letter that the Department had issued to special-education advocate Kim Kredich, who was attempting to raise concerns about the Knox County Schools' alleged failure to integrate three-year-old students with Down syndrome, autism, and cerebral palsy into the general-education population. The letter stated that

> [t]he administrative complaint process cannot examine the substantive aspects of [an] IEP [individualized education plan] as it relates to the provision of a FAPE, as the IDEA specifically assigns resolution of disputed issues regarding identification, evaluation, educational placement or the provision of a FAPE to the due process hearing procedures . . . .
>
> Whether a FAPE is provided under an individual child's IEP is a decision for an administrative law judge . . . .

Taking her cue from the Department's July 2014 letter, I.L. pursued her substantive claims through two due-process hearings.

As it turned out, the Department's July 2014 letter prompted an investigation by the U.S. Department of Education (DOE). In September 2014, the DOE requested that the Department provide information about whether and how it resolves complaints that allege the denial of a FAPE. The Department responded the following month by stating that, contrary to what the July 2014 letter plainly says, the denial of a FAPE can be redressed through the state's complaint-resolution procedure. The agency further explained that the July 2014 letter was intended to inform Kredich that she personally could not initiate a due-process hearing on behalf of children in the Knox County Schools because only parents of affected children can utilize that procedure. But the letter was not intended, according to the Department, to convey that either special-education advocates or parents are prohibited from bringing a FAPE claim through the state's complaint-resolution procedure. In March 2015, after having reviewed the Department's letter and supporting materials, the DOE found that Tennessee was in compliance with the IDEA regulations.

## B.     Procedural background

I.L. filed two due-process complaints with the Department. The first alleged that the school district was refusing to educate I.L. in the least restrictive setting possible by placing her in a special-education setting for four out of the seven hours in each school day. Her second complaint alleged that, in response to I.L.'s disruptive behavior, the school was isolating her in an enclosure constructed with a classroom door, a wall, and a blue gym mat.

After a lengthy administrative process, an IDEA hearing officer issued a final order addressing the issues that I.L. raised in her two complaints. I.L. then filed suit in December 2015 in the United States District Court for the Eastern District of Tennessee, seeking judicial review

of the hearing officer's order. In addition, I.L.'s Second Amended Complaint (the operative one in this case) alleges that the Department is violating the IDEA regulations by closing its complaint-resolution procedure to FAPE claims. The district court issued a memorandum opinion and order that, among other things, dismissed I.L.'s complaint-resolution-procedure claim, holding that the IDEA provides no private right of action to redress a state's noncompliance with the IDEA regulations governing that procedure. This timely appeal followed.

## II.    ANALYSIS

### A.    Standard of review

The district court denied I.L.'s complaint-resolution-procedure claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. By the time that the court ruled on the Department's motion to dismiss, however, the parties had engaged in extensive discovery, and each side had presented evidence that did not appear in the pleadings. The Federal Rules of Civil Procedure provide that "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "[M]ere presentation of evidence outside of the pleadings, absent the district court's rejection of such evidence, is sufficient to trigger the conversion of a Rule 12(c) [or 12(b)(6)] motion to a motion for summary judgment." *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006) (construing a Rule 12(c) motion as a motion for summary judgment where the plaintiff presented matters outside the pleadings that the district court did not exclude). We will therefore construe the district court's grant of the Department's motion to dismiss as a grant of summary judgment in the Department's favor. *See id.*

We review de novo a district court's grant of summary judgment. *Watson v. Cartee*, 817 F.3d 299, 302 (6th Cir. 2016). Summary judgment is appropriate when no genuine dispute of

material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing the court's decision, however, we are not bound by the grounds on which it ruled in the Department's favor and may affirm on "any ground supported by the record." *Long v. Insight Commc'ns of Cent. Ohio, LLC*, 804 F.3d 791, 794 (6th Cir. 2015).

**B.      I.L. has presented no evidence that Tennessee's complaint-resolution procedure is currently closed to FAPE claims.**

The proceedings below addressed several issues concerning I.L.'s education, but this appeal focuses narrowly on I.L.'s complaint-resolution-procedure claim. The only remedy that I.L. seeks on appeal is "equitable relief of the *opening* of" Tennessee's complaint-resolution procedure. But her foremost litigation goal appears to be recovering the "several hundred thousand dollars" in attorney fees and costs that she has incurred during the due-process hearings because of the purported unavailability of the complaint-resolution procedure. She cannot recover those fees and costs, however, unless she prevails on her IDEA claim. *See* 20 U.S.C. § 1415(i)(3)(B). This she has not yet done. And although I.L. has presented evidence that Tennessee's complaint-resolution procedure was once closed to complaints like hers, she has presented no evidence that that is still the case.

I.L. filed her first due-process complaint in November 2014, one month after the Department responded to the DOE's inquiry. The Department's response stated that the complaint-resolution procedure was open to FAPE claims like I.L.'s. And by the time that I.L. initiated her lawsuit in December 2015, the DOE had already concluded that the Department's representations were accurate; i.e., that Tennessee's complaint-resolution procedure was indeed open to FAPE claims. See the Timeline below for a summary of the key dates.

**Timeline**

| Event | Date |
|---|---|
| The Department sends a letter to Kim Kredich stating that its complaint-review procedure is closed to FAPE claims. | July 15, 2014 |
| The DOE requests an explanation from the Department about whether the state's complaint-resolution procedure is open to FAPE claims. | September 18, 2014 |
| The Department responds to the DOE, stating that the state's complaint-review procedure is open to FAPE claims. | October 15, 2014 |
| I.L. files her first due-process complaint with the Department. | November 19, 2014 |
| The DOE finds that the Department is in compliance with the IDEA regulations. | March 13, 2015 |
| I.L. files her second due-process complaint with the Department. | August 20, 2015 |
| An IDEA hearing officer issues a final order resolving I.L.'s two due-process complaints. | November 6, 2015 |
| I.L. files suit in the U.S. District Court for the Eastern District of Tennessee. | December 17, 2015 |
| I.L. files her Second Amended Complaint. | April 8, 2016 |

I.L. has presented no evidence that the DOE's finding was erroneous or that Tennessee has continued to violate the IDEA regulations. Her briefing refers to communications between the Department and other parents in which the Department declared that its complaint-resolution procedure was closed to claims alleging the denial of a FAPE. But all of those communications predate the DOE's finding that Tennessee is now in compliance with the IDEA regulations.

Through discovery, I.L. also obtained all of the written decisions issued between 2011 and 2015 by the Department in response to various complaints. She argues that those decisions "conclusively show[]" that the Department did not consider any "purely substantive complaints." But none of the decisions dismissed a complaint on the ground that it raised purely substantive issues. Moreover, all but eight of the decisions predate the DOE's finding that Tennessee is in compliance with the IDEA regulations.

In fact, one of the eight decisions that postdates the DOE's investigation pertains to a complaint that is almost identical in substance to I.L.'s first due-process complaint. That complaint (#15-68), like I.L.'s first due-process complaint, concerns a school's failure to integrate a student

into the general-education population to the greatest extent possible. The decision that addressed complaint #15-68 through the Department's complaint-resolution procedure states that the Department investigated the complaint's allegations but found that the school had not committed a substantive violation of the IDEA and that the student had not been denied a FAPE. (The decision also addressed a separate allegation of a procedural violation and found that the school had failed to comply with one of the IDEA's procedural requirements, but concluded that the procedural violation had not led to the denial of a FAPE.) Accordingly, the records obtained by I.L. from the Department actually suggest that Tennessee's complaint-resolution procedure is now open to complaints that allege the denial of a FAPE.

Based on the evidence in the record, there is nothing to show that the problem that I.L. seeks to redress continues to injure her or other parents of disabled children in Tennessee. In other words, even if the Department once barred I.L. and others from bringing FAPE claims through the state's complaint-resolution procedure, the DOE's findings suggest that that issue is now moot. And I.L. has failed to produce evidence that supports a contrary conclusion. *See Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011) ("If events occur during the case, including during the appeal, that make it 'impossible for the court to grant any effectual relief whatever to a prevailing party,' the appeal must be dismissed as moot." (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992))).

The district court therefore properly dismissed I.L.'s complaint. But it did so on the basis that 20 U.S.C § 1415 does not provide a private right of action to redress procedural noncompliance with the IDEA and its regulations, a decision contrary to the conclusion of the Third Circuit in *Beth V. v. Carroll*, 87 F.3d 80, 85, 88 (3d Cir. 1996). Because we affirm the district court's judgment on alternative grounds, we need not wade into this debate.

### III.    CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.